FILED
SUPERIOR COURT
OF GUAM

2021 SEP 23 PM 12:49

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0245-20** |
| | GPD Report No. 20-11619 |
| **v.** | |
| | **DECISION AND ORDER** |
| **JUAN FAISAO MENDIOLA,** | **DENYING DEFENDANT'S MOTION** |
| *aka* **John F. Mendiola,** | **TO PROHIBIT STATEMENTS OF** |
| DOB: 07/04/1963 | **MEDICAL EXAMINER** |
| | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 26, 2021 for hearing on Defendant Juan Faisao Mendiola's (*aka* John F. Mendiola's) ("Defendant's") Motion in Limine to Prohibit Statements of Medical Examiner First Disclosed On August 25, 2021 ("Motion"). Assistant Attorney General Sean Brown represents the People, and Attorneys Joseph Razzano and Joshua Walsh represent Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

Defendant is charged with Murder (as a First Degree Felony) and Aggravated Assault (as a 2nd Degree Felony). Indictment (Jul. 27, 2020). Each charge is accompanied by a *Special Allegation*: Possession or Use of a Deadly Weapon in the Commission of a Felony. Id. Defendant is accused of murdering Peter John Tadeo Rios Jr. ("Victim") by shooting him twice with a handgun. Magistrate's Complaint (May 6, 2020).

The People plan to call pathologist Dr. Martin K. Ishikawa ("Medical Examiner") as an expert witness. People's Witness List (Jul. 9, 2021). Pursuant to their discovery obligations, the

Decision and Order Denying Defendant's Motion to Prohibit Statements of Medical Examiner
CF0245-20, *People of Guam v. John Faisao Mendiola*
Page 1 of 3

People supplied Defendant with a copy of the Medical Examiner's Autopsy Report on July 2, 2021. Motion at 2 (Aug. 26, 2021). The Autopsy Report indicated that there were three separate gunshot wounds (with the possibility that one gunshot wound was a re-entrance wound), that Victim died from multiple gunshot wounds, and that Victim's urine samples tested positive for amphetamine.

Jury selection for Defendant's trial began on August 24, 2021. On August 25, 2021, the People provided Defendant with a supplement to the Medical Examiner's Autopsy Report in the form of an "investigator activity sheet". Id at 2. This investigator activity sheet explained that the Medical Examiner planned to add to his report the following information:

- Medical Examiner can't positively identify the amphetamine in Victims's urine to be from the drug "ice".
- Victim likely succumbed to the gun shot wound in his chest within a couple of seconds.
- The gun shot wound to Victim's leg was a re-entry wound based on information that only two shots were fired.

Id. at 2.

On August 26, 2021, Defendant filed his Motion in Limine to Prohibit Statements of Medical Examiner First Disclosed on August 25, 2021. Defendant seeks to prohibit the Medical Examiner from testifying towards any information originally disclosed through the investigator activity sheet. Id. at 3. Defendant justifies this prohibition on grounds that the People violated their discovery obligations by supplying Defendant a supplemental "investigator activity sheet" only after jury selection had already began. Motion at 2 (Aug. 26, 2021).

The Court held a hearing on August 26, 2021. After hearing the arguments of the parties, the Court denied the Defendant's Motion.

## DISCUSSION

Pursuant to the People's discovery obligations, the prosecuting attorney must disclose to the Defendant "any report or statement of an expert, made in connection with the case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons." 8 G.C.A. § 70.10(a)(3).

Decision and Order Denying Defendant's Motion to Prohibit Statements of Medical Examiner
CF0245-20, *People of Guam v. John Faisao Mendiola*
Page 2 of 3

The People did just that when they submitted the Medical Examiner's Autopsy Report on July 2, 2021. This discovery was timely provided well before the jury selection or trial began. While the Medical Examiner may have since changed some of his conclusions from when the Autopsy Report was written, witnesses are free to change their beliefs and testimony accordingly. Should the Medical Examiner testify towards conclusions different from those in the Autopsy Report, the Defendant is free to cross-examine Medical Examiner about these inconsistencies.

The Court understands Defendant's concern about building a defense if a new theory of death is presented. To ease Defendant's fear, the Court will allow Defendant to subpoena Medical Examiner when presenting his case-in-chief, as well as any other expert witness qualified to analyze the new theory of death. However, it remains that the People did not violate their discovery obligations as the Autopsy Report itself was timely submitted to Defendant well before his trial began.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. Medical Examiner is allowed to testify towards any information originally disclosed through the investigator activity sheet. Id. at 3. However, Defendant may subpoena Medical Examiner for future questioning when presenting his case-in-chief.

**IT IS SO ORDERED** this ___September 23, 2021___ *nunc pro tunc* to August 26, 2021.



**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, J. Razzano,
J. Walsh
Date: 9/23/21 Time: 12:55pm
Antonio Q. Cruz
Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Prohibit Statements of Medical Examiner
CF0245-20, *People of Guam v. John Faisao Mendiola*
Page **3** of 3